## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

IN RE:                                        )
                                              )
SMILE DESIGNS BY                              )        CASE NO.
DR. CHARLOTTE GERRY, P.A.                     )        CHAPTER 11
                                              )
_____Debtor_____)

## DEBTOR'S MOTION SEEKING ORDER THAT THE APPOINTMENT OF A PATIENT CARE OMBUDSMAN IS NOT NECESSARY

Comes now, SMILE DESIGNS BY DR. CHARLOTTE GERRY, P.A. (the "Debtor"),

pursuant to Rule 2007.2 (a) [Interim] Bankruptcy Rules and moves the Court for the entry of an

order finding and determining that the appointment of a patient care ombudsman is not necessary

for the protection of patients under the specific circumstances of this case.

In support of the motion it is shown unto the court as follows:

1.      Debtor filed a voluntary petition seeking relief under Chapter 11 of Title 11 of

        the United States Code on January 10, 2009.

2.      Rule 2007.2(a) mandates that the Court enter an order appointing a patient care

        ombudsman under 11 U.S.C. § 333 unless the Court finds the appointment

        unnecessary.

3.      Rule 2007.2(a) also provides that a party in interest may file a motion, not later

        than 20 days after the commencement of the case, for an order finding that a

        patient care ombudsman is not necessary.

4.      Debtor as a party in interest has standing to file this motion.

5.      Debtor is a professional association which operates a dental office operating two

        different locations.  One office is located at 530 E. Howard Street, Live Oak,

Florida 32064.  The other office is located at 857 S.W. Main Blvd., Lake City,

Florida 32025.Debtor provides dental services including, but not limited to,

crowns, root canals, veneers, dentures, fillings extractions, orthodontics,

cleanings, and cosmetic dentistry.

6.     Debtor has never been sued for malpractice, nor are there any potential lawsuits

from patients.

7.     Debtor has current and active Professional Liability Insurance.

8.     Debtor does not have a history of inadequate patient care.

9.     Debtor is currently operating and plans to continue operating.

10.     Debtor keeps and maintains records in its normal course of business.  These

records are retained at the office.

11.     Debtor filed this Chapter 11 because it fell behind on payroll taxes and other

debts to third party creditors.  Debtor did not file this Chapter 11 because of

inadequate patient care.

12.     Debtor submits that no need exists for the appointment of an ombudsman under

Rule 2007.2(a).

**WHEREFORE**, Debtor respectfully requests this Court to enter an order finding that a

appointment of a Patient Care Ombudsman is not necessary in this case.

(Signature page follows)

Dated this 10th day of January 2009

**SMILE DESIGNS BY
DR. CHARLOTTE GERRY, P.A.**

_____
**Dr. Charlotte Gerry, President**

**BANKRUPTCY LAW FIRM OF
LANSING J. ROY, P.A.**

**/s/ Kevin B. Paysinger**
**Lansing J. Roy, Esquire**
Florida Bar No. 120716
**Christopher R. DeMetros, Esquire**
Florida Bar No. 0863467
**Nancy Akel Draughon, Esquire**
Florida Bar No. 0075086
**Kevin B. Paysinger, Esquire**
Florida Bar No. 0056742
Attorney for Debtor
P.O. Box 10399
Jacksonville, FL 32247-0399
(904) 391-0030